1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCO de PUENTE HUDSON,

11              Petitioner,                    No. 2:12-cv-3087 CKD P

12        vs.

13   MARTIN D. BITER,                          ORDER &

14              Respondent.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with an application for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.   Examination of the in forma pauperis application reveals that petitioner is unable to

19   afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

20   granted.  See 28 U.S.C. § 1915(a).

21            Petitioner challenges his 2001 conviction following a guilty plea to destruction of

22   state prison property with aggravating factors, for which he was sentenced to a state prison term

23   of six years.  (Dkt. No. 1 at 1.)  The court has examined its records, and finds that petitioner

24   challenged this same conviction in an earlier action, Hudson v. Yates, No. 2:08-cv-1302 GGH P

25   (E. D. Cal.), dismissed on February 27, 2009 as untimely under the Antiterrorism and Effective

26   Death Penalty Act of 1996 (AEDPA).

                                              1

1    A petition is second or successive if it makes "claims contesting the same custody

2  imposed by the same judgment of a state court" that the petitioner previously challenged, and on

3  which the federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147, 153

4  (2007); see also Slack v. McDaniel, 529 U.S. 473, 485-486 (2000).  A second or subsequent

5  habeas petition is not considered "successive" if the initial habeas petition was dismissed for a

6  technical or procedural reason.  See Slack v. McDaniel, 529 U.S. 473, 485–487 (2000) (second

7  habeas petition not "successive" if initial habeas petition dismissed as "mixed" petition

8  containing exhausted and unexhausted claims where no claim in initial petition adjudicated on

9  the merits).  However, in McNabb v. Yates, 576 F.3d 1028,1030 (9th Cir. 2009), the Ninth

10  Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA statute of

11  limitations renders subsequent petitions challenging the same conviction successive.  Because

12  petitioner's prior federal habeas petition was dismissed for untimeliness, the instant petition is

13  successive.

14    Before filing a second or successive petition in district court, a petitioner must

15  obtain from the appellate court "an order authorizing the district court to consider the

16  application."  28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district

17  court is without jurisdiction to consider a second or successive petition.  See Burton, 549 U.S. at

18  152, 157.  As petitioner offers no evidence that the appellate court has authorized this court to

19  consider a second or successive petition challenging his 2001 conviction, this action should be

20  dismissed for lack of jurisdiction.

21    Accordingly, IT IS HEREBY ORDERED THAT:

22    1. Petitioner's application to proceed in forma pauperis is granted; and

23    2. The Clerk of Court shall assign a district judge to this action.

24    IT IS HEREBY RECOMMENDED that this petition be dismissed for lack of

25  jurisdiction.

26  \\\\\

1        These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3   days after being served with these findings and recommendations, petitioner may file written

4   objections with the court.  Such a document should be captioned "Objections to Magistrate

5   Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

6   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

7   Ylst, 951 F.2d 1153 (9th Cir. 1991).

8        If petitioner files objections, he shall also address if a certificate of appealability

9   should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

10  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

11  constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

12  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

13   Dated: January 24, 2013

14                                                              _____

15                                                              CAROLYN K. DELANEY
                                                                UNITED STATES MAGISTRATE JUDGE
16

17  2
    huds3087.successive
18

19

20

21

22

23

24

25

26

3